WISCONSIN-MINNESOTA LIGHT & POWER COMPANY, Appellant, vs. RAILROAD COMMISSION OF WISCONSIN, Respondent.    [Eau Claire Gas Rate Case.]

*January 19—February 12, 1924.*

*Public utilities: Rates: Experience of utility: Estimate of commission.*

1. Where the railroad commission fixed the value of the property of a utility and determined that the utility was entitled to earn eight per cent. on invested capital and two per cent. depreciation, and the earnings for the year preceding the date of the valuation did not reach an amount sufficient to meet the depreciation and return on investment allowed, the existing rate could not be set aside by the commission.    p. 105.
2. In setting aside a rate charged by a public utility, the commission cannot substitute for the experience of the utility its estimates as to future revenues and operating costs, where there is no claim of extravagance or mismanagement by the utility. *Chippewa Falls Gas Rate Case, ante,* p. 96, followed.    p. 106.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

This is an appeal from a judgment entered March 26, 1923, dismissing the complaint of the company brought to set aside an order made by the defendant *Commission* February 28, 1922, reducing the gas rates in the city of Eau Claire. The procedure in this case was identical with that in the case of the same title, brought to set aside an order bearing the same date, reducing the gas rates in the city of Chippewa Falls. For convenience, this case will be referred to as the *Eau Claire Case* and the other case decided herewith as the *Chippewa Falls Case.* What is said there as to the course of procedure applies here.

For the appellant there was a brief · by *Olin, Butler, Thomas, Stebbins & Stroud* of Madison, and oral argument by *H. L. Butler.*

For the respondent there was a brief by the· *Attorney General* and *Ralph M. Hoyt* of Milwaukee, special counsel, and oral argument by *Mr. Hoyt.*

ROSENBERRY, J. In this case the amount earned for the year ending October 31, 1921, applicable to depreciation and return on invested capital was $24,073.10. The valuation of the property as fixed by the *Commission* was $390,225 as of October 31, 1921, the date of the investigation. The *Commission* found that the utility was entitled to earn eight per cent. return on invested capital and two per cent. depreciation. It was entitled to net earnings of $39,022.50. We see no basis, therefore, for the reasons stated in the *Chippewa Falls Case,* upon which the *Commission* could, acting within its authority, set aside the existing rate as unjust or unreasonable. The *Commission* arrived at its conclusion by substituting for the experience of the company estimates as to future revenues and future operating costs. In setting aside the existing rate the *Commission* cannot substitute

for the experience of the company its estimates as to future revenues and operating costs. The net earnings of the company for the year ending October 31, 1921, was a completed operation. Estimates as to revenues could not change the fact as it existed. If it be assumed that the *Commission,* where there is evidence to show that an existing rate is unlawful, is justified in basing the substituted rate upon estimates, we cannot see how estimates can be used to establish the unlawfulness or unreasonableness of an existing rate. There is no attempt to sustain the order of the *Commission* in the case on any other basis than that of estimates. There is no claim that the management is wilfully extravagant or that plaintiff improperly administers its property.

For the reasons stated in the *Chippewa Falls Case,* the order cannot be sustained.

*By the Court.*—Judgment appealed from is reversed, and cause remanded to the circuit court with directions to enter an order vacating and setting aside the order dated February 28, 1922.